**UNITED STATES of America**

v.

**Jacqueline WARREN.**

**Crim. No. 89–0379 JGP.**

United States District Court, District of Columbia.

Dec. 29, 1989.

**452**

Robert Feitel, Asst. U.S. Atty., Washington, D.C., for plaintiff.

Jeffrey Jacobvitz, Washington, D.C., for defendant.

## MEMORANDUM ORDER

JOHN GARRETT PENN, District Judge.

The defendant is charged in an indictment filed on October 10, 1989, with conspiracy to distribute and possess with intent to distribute Phencyclidine (PCP), 21 U.S.C. § 846, unlawful possession with intent to distribute PCP, 21 U.S.C. § 841(a) and (b)(1)(C), and unlawful use of a firearm in aid of drug trafficking, 18 U.S.C. § 924(c)(1).[1] The case is now before the Court on the defendant's Motion to Suppress Evidence and Motion to Suppress Statements and Evidence. A motions hearing was held on December 14 and 21, 1989, and the Court thereafter took the motions under advisement. After giving careful consideration to the motions and the opposition thereto, together with the record in

this case, the Court concludes that the motion to suppress evidence should be granted and that in view of that ruling, it is unnecessary to consider the Motion to suppress statements and evidence.

### I

The underlying facts may be briefly stated. On or about November 1, 1988, at approximately 3:00 p.m., the officers executed a search warrant at 5036 E Street, Southeast, in the District of Columbia. The officers were dressed in jumpsuits or windbreakers with police markings on them. As they approached the house they observed a very young boy near the front door which was open. The officers were armed, some having drawn shotguns and guns. The young boy began to scream and ran into the house and the officers ran behind him. The officers began shouting "Police with search warrant" or "Police with warrant" as they approached the open door and ran into the house. They did not knock and they did not stop and wait for a response before entering the house.[2] The officers entered the house, conducted a search, recovered PCP and the weapons, arrested the defendant and Ms. Rogers, and later transported the defendant to the police station.

### II

The defendant moves to suppress the evidence on the grounds that the officers failed to comply with the requirements of the "knock and announce" statute, 18 U.S.C. § 3109. That statute provides:

The officer may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance or when necessary to liberate himself or a person aiding him in the execution of the warrant.

---

1. A second person, Barbara A. Rogers, was also indicted on the same charges, but she failed to appear for arraignment and is now the subject of a bench warrant.

2. During the hearing one of the officers testified that he was "right behind him [the first officer making the announcement]" and heard the announcement, but later testified that he did not hear the announcement.

The defendant argues that the officers did not knock or announce their purpose and were not refused admittance.

As is clear from the facts set forth in Part I, *supra*, when the officers arrived to execute the search warrant, they saw the little boy who started screaming and running toward the door. While the officers shouted that they were police officers and had a warrant, they never stopped running until they were in the house. One officer testified as follows in response to questions asked by defense counsel:

Question: Now you stated that the door was open when the police approached; isn't that correct?

Answer: That is correct.

Question: And Sergeant Kass or Officer Kass knocked and announced the presence of the officers; is that correct?

Answer: No.

Question: What happened?

Answer: There was no need to knock, 'cause the door was open, and announcement was made before we entered the threshold.

Question: And how much time transpired between the time you announced and the time you entered the threshold?

Answer: There was a very short period of time, 'cause the door was opened, a crying child had just ran through the threshold of the door.

Question: It was a split second, wasn't it?

Answer: It was a short period of time.

Question: And, in fact, there wasn't any time for any of the people in the house to react, was there?

Answer: I'd say there was more than enough time for somebody to react, yes.

Question: Well, how much time transpired, can you count off in seconds?

Answer: No.

Question: Was it less than a second?

Answer: No.

Question: It was more than a second?

Answer: Yes.

Question: Do you recall how many seconds?

Answer: No.

Tr 1 at 24–25 [3].

As the government noted at oral argument, "we're aware that this is one of the minority jurisdictions where, in fact, where there is an open door, the knock and announce rules come into play. The majority of jurisdictions don't require that." Tr 2 at 58. In *Keiningham v. United States*, 109 U.S.App.D.C. 272, 276, 287 F.2d 126, 130 (1960), the Court of Appeals observed:

A few cases have sought to distinguish between a locked and an unlocked door, in terms of the officer's duty to make an announcement before entering. This distinction seems to view entry through an unlocked door as "peaceful." We think that a person's right to privacy in his home (and the limitation of authority to a searching police officer) is governed by something more than the fortuitous circumstances of an unlocked door, and that the word "break," as used in 18 U.S.C. § 3109, means "enter without permission." (Citations omitted).

*See also, White v. United States*, 120 U.S. App.D.C. 319, 346 F.2d 800 (1965), *cert. denied*, 382 U.S. 1014, 86 S.Ct. 625, 15 L.Ed.2d 529 (1966).

In *White*, the Court of Appeals upheld the denial of the motion to suppress on facts that are similar to those in this case. The officers, armed with a search warrant, approached White's apartment, when the door was partly opened by White's eight year old son. When the officer asked the youngster whether White or his wife was home, the boy answered affirmatively and opened the door wider. At this point, the officer observed Mrs. White. He identified himself and explained that he had a search warrant. The Court of Appeals declined to hold that the standing in the doorway by the officer as he was announcing his identity and purpose was a breaking. The Court distinguished *White* from *Keiningham*, noting that in *Keiningham* the officers had entered the apartment without making

---

**3.** "Tr 1" refers to the transcript of the hearing held on December 14, 1989, while "Tr 2" refers to the transcript of the hearing held on December 21, 1989.

any announcement, while in *White*, the officer announced his purpose before actually entering.

In the view of this Court, the officers in the instant case failed to comply with the requirements of 18 U.S.C. § 3109. The knock and announce statute merely requires the officers to knock and announce their purpose and if, after giving notice of their authority and purpose, they are refused admittance, they may break the door. As the Supreme Court observed:

> We are duly mindful of the reliance that society must place for achieving law and order upon the enforcing agencies of the criminal law. But insistence on observance by law officers of traditional fair procedural requirements is, from the long point of view, best calculated to contribute to that end. However much in a particular case insistence upon such rules may appear as a technicality that inures to the benefit of a guilty person, the history of the criminal law proves that tolerance of shortcut methods in law enforcement impairs its enduring effectiveness. *The requirement of prior notice of authority and purpose before forcing entry into a home is deeply rooted in our heritage and should not be given grudging application.*

*Miller v. United States*, 357 U.S. 301, 313, 78 S.Ct. 1190, 1197–98, 2 L.Ed.2d 1332 (1958) (emphasis this Court's). Moreover, another purpose of the knock and announce statute is to protect the officers executing the warrant as well as the persons in the area to be searched.

While the Court accepts that the officers were shouting that they were police and had a warrant, everything was done in a split second. When the officers approached the house, they did not stop, and in the shortness of the time involved, the defendant or the other occupants had no opportunity to respond. Nor is there any evidence that the officers even expected a response or intended to wait for a response.

One purpose of the knock and announce requirement is demonstrated by the facts in this case. A youngster, approximately five years of age, looks up to see that he is being approached by unknown men and women carrying guns and running into his house. The occupants of the house may have been unaware why the youngster was screaming and the fact that the occupants had drugs and weapons in the house and could have surmised that they were the targets of other persons dealing in drugs or robbers seeking to seize drug proceeds could have led to tragic results.

The courts are not unrealistic as to the dangers encountered by officers involved in a search for drugs and depending upon the circumstances, the entry involved in this case may well have been justified. But the facts do not support such a conclusion.

This case can be distinguished from *United States v. Wood*, 279 U.S.App.D.C. 81, 879 F.2d 927 (1989) and *United States v. Bonner*, 277 U.S.App.D.C. 271, 874 F.2d 822 (1989). In both cases the courts were able to find that the officers had been denied admittance. Finally, there is no evidence that the actions of the officers were justified because of exigent circumstances.

After weighing the evidence offered at the hearing, the Court finds that the officers "announced" while running or walking into the house and that the occupant was not given a chance to respond, if indeed, the occupant heard the announcement. One officer, who testified that he was directly behind the lead officer, did not hear the announcement. The Court finds that the officers failed to properly announce their purpose, that they did not knock, and that they were not refused admittance, constructively or otherwise. Since the officers failed to comply with 18 U.S.C. § 3109, it follows that the motion to suppress evidence must be granted.

In view of the Court's ruling on the motion to suppress evidence, it is unnecessary for the Court to address defendant's motion to suppress statement and evidence.

It is hereby

ORDERED that the defendant's motion to suppress evidence is granted, and it is further

ORDERED that the evidence seized may not be introduced in the government's presentation of its case in chief.